## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

## BALTIMORE DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, D.C. 20024 | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| *v.* | ) ) |
| LINDA H. LAMONE, in her official<br>capacity as State Administrator of Elections,<br>Maryland State Board of Elections,<br>151 West Street, Suite 200<br>Annapolis, Maryland 21401<br>Anne Arundel County, | ) ) ) ) ) ) ) |
| DAVID J. MCMANUS, JR., in his<br>official capacity as Chairman of the<br>Maryland State Board of Elections,<br>151 West Street, Suite 200<br>Annapolis, Maryland 21401<br>Anne Arundel County, | ) ) ) ) ) ) ) |
| PATRICK J. HOGAN, in his official<br>capacity as Vice-Chairman of the<br>Maryland State Board of Elections,<br>151 West Street, Suite 200<br>Annapolis, Maryland 21401<br>Anne Arundel County, | ) ) ) ) ) ) ) |
| MICHAEL R. COGAN, in his<br>official capacity as Member of the<br>Maryland State Board of Elections,<br>151 West Street, Suite 200<br>Annapolis, Maryland 21401<br>Anne Arundel County, | ) ) ) ) ) ) ) ) |
| (*cont.*) | ) |

Civil Action No.

KELLEY A. HOWELLS, in her                    )
official capacity as Member of the           )
Maryland State Board of Elections,           )
151 West Street, Suite 200                   )
Annapolis, Maryland 21401                    )
Anne Arundel County,                         )
                                             )
GLORIA LAWLAH, in her official               )
capacity as Member of the                    )
Maryland State Board of Elections,           )
151 West Street, Suite 200                   )
Annapolis, Maryland 21401                    )
Anne Arundel County,                         )
                                             )
JARED DEMARINIS, in his official             )
capacity as Public Information Act officer,  )
Maryland State Board of Elections,           )
151 West Street, Suite 200                   )
Annapolis, Maryland 21401                    )
Anne Arundel County,                         )
                                             )
JAMES SHALLECK, in his official              )
capacity as President of the                 )
Montgomery County Board of Elections,        )
18753 North Frederick Avenue, Suite 210      )
Gaithersburg, Maryland 20879                 )
Montgomery County,                           )
                                             )
NAHID KHOZEIMEH, in his official             )
capacity as Vice-President of the            )
Montgomery County Board of Elections,        )
18753 North Frederick Avenue, Suite 210      )
Gaithersburg, Maryland 20879                 )
Montgomery County,                           )
                                             )
MARY ANN KEEFFE, in her official             )
capacity as Secretary of the                 )
Montgomery County Board of Elections,        )
18753 North Frederick Avenue, Suite 210      )
Gaithersburg, Maryland 20879                 )
Montgomery County,                           )
                                             )
(*cont*.)                                    )

ALEXANDER VINCENT, in his official )
capacity as Member of the )
Montgomery County Board of Elections, )
18753 North Frederick Avenue, Suite 210 )
Gaithersburg, Maryland 20879 )
Montgomery County, )
  )
DAVID NAIMON, in his official capacity )
as Member of the )
Montgomery County Board of Elections, )
18753 North Frederick Avenue, Suite 210 )
Gaithersburg, Maryland 20879 )
Montgomery County, )
  )
*and* )
  )
JACQUELINE PHILLIPS, in her official )
capacity as Substitute Board Member of the )
Montgomery County Board of Elections, )
18753 North Frederick Avenue, Suite 210 )
Gaithersburg, Maryland 20879 )
Montgomery County, )
  )
*Defendants.* )
_____)

## **COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Judicial Watch") brings this action against Defendants the State Administrator of Elections for Maryland, the officers and members of the Maryland State Board of Elections, Maryland's Director of the Division of Candidacy and Campaign Finance, and the officers and members of the Montgomery County Board of Elections, to compel compliance with Section 8(i) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i).  Judicial Watch seeks injunctive and declaratory relief and attorneys' fees, litigation expenses, and costs.  As grounds therefor, Judicial Watch alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 52 U.S.C. § 20510(b) to redress the deprivation, under color of state law, of rights secured by federal statute.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331. It may issue a declaratory judgment and provide for further relief pursuant to 28 U.S.C. §§ 2201 and 2202, and may award reasonable attorneys' fees, litigation expenses, and costs pursuant to 52 U.S.C. § 20510(e).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4.      Venue is proper in this Division pursuant to Local Rule 501(4)(b)(ii), because a majority of the Maryland parties reside in this Division and the events described took place in this Division.

## PARTIES

5.      Plaintiff JUDICIAL WATCH is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, D.C. 20024.  Its mission is to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of this mission, Judicial Watch regularly requests records from state and local governments pursuant to Section 8(i) of the NVRA, and state open-records laws; and from federal agencies pursuant to the Freedom of Information Act.  Judicial Watch analyzes all responses and disseminates both its findings and the requested records to the American public to inform it about "what the government is up to." Further, Judicial Watch analyzes state and local responses provided under NVRA Section 8(i) to determine whether such jurisdictions are properly maintaining accurate voter rolls as required by

Section 8(a)(4) of the NVRA, 52 U.S.C. § 20507(a)(4).  If it believes a state is not complying

with the NVRA, Judicial Watch will sue to enforce the statute.

6.      Defendant LINDA H. LAMONE is the State Administrator of Elections for

Maryland.  As such, she has been designated by state law as the "chief State election official . . .

responsible for coordination of State responsibilities under" the NVRA.  52 U.S.C. § 20509; MD.

CODE ANN., ELEC. LAW § 2-103(b)(8).

7.      Defendant DAVID J. MCMANUS, JR. is the Chairman, Defendant PATRICK J.

HOGAN is the Vice-Chairman, and Defendants MICHAEL R. COGAN, KELLEY A.

HOWELLS, and GLORIA LAWLAH are Members, of the Maryland State Board of Elections.

Maryland law provides that this Board of Elections "shall manage and supervise elections in the

State and ensure compliance with the requirements of [state law] and any applicable federal law

by all persons involved in the elections process"; and shall, among other things, "adopt

regulations to implement its powers and duties," and appoint the State Administrator of

Elections.  MD. CODE ANN., ELEC. LAW § 2-102(a), (b)(4), and (b)(6).

8.      Defendant JARED DEMARINIS is the Public Information Act officer, and the

Director of the Division of Candidacy and Campaign Finance, for the Maryland State Board of

Elections.

9.      Defendant JAMES SHALLECK is the President, Defendant NAHID

KHOZEIMEH is the Vice-President, Defendant MARY ANN KEEFFE is the Secretary,

Defendants ALEXANDER VINCENT and DAVID NAIMON are Members, and Defendant

JACQUELINE PHILLIPS is a Substitute Member, of the Montgomery County Board of

Elections.  Maryland law provides that such a county board "is subject to the direction and

authority of the State Board and is accountable to the State Board for its actions in all matters

regarding the implementation of the requirements of this article and any applicable federal law" (MD. CODE ANN., ELEC. LAW § 2-201(a)(2)); and further provides that such a county board, "in accordance with the provisions of this article and regulations adopted by the State Board, shall," among other things, "adopt any regulation it considers necessary to perform its duties under this article, which regulation shall become effective when it is filed with and approved by the State Board." MD. CODE ANN., ELEC. LAW § 2-202(b), (b)(1) and (b)(4).

10.    All Defendants are sued in their official capacities only.

## FACTS

11.    On April 11, 2017, Plaintiff Judicial Watch sent an email to the address for the officers and members of the Maryland State Board of Elections and Maryland's State Administrator, and to the address for the officers and members of the Montgomery County Board of Elections.  That email contained a letter to David J. McManus, Jr., Chairman of the Maryland State Board of Elections, dated April 11, 2017 (the "Notice Letter," **Exhibit A**), setting forth various violations of the NVRA.  This letter was also sent by certified mail to the Maryland State Board of Elections and the Montgomery County Board of Elections.

12.    The Notice Letter observed that there were more registered voters in Montgomery County than there were citizens over the age of 18, resulting in a registration rate for the county of greater than 100%.  The Notice Letter concluded from this that Maryland and Montgomery County were not complying with their obligations under the NVRA to remove ineligible registrations from the voter rolls.

13.    The Notice Letter stated that "This letter serves as statutory notice that Judicial Watch will bring a lawsuit against your office if you do not take specific actions to correct these violations of Section 8 within 90 days."

14.     The Notice Letter asked for a written response within 45 days "informing us of the compliance steps you are taking," and described in detail the kinds of compliance-related information that was being sought.

15.     Citing Section 8(i) of the NVRA, the Notice Letter also asked for "all pertinent records concerning 'the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency' of Maryland's official eligible voter lists during the past 2 years.  Please include these records with your response to this letter."

16.     Among other things, the Notice Letter particularly requested the following: "Copies of the most recent voter registration database from Montgomery County, Maryland, including fields indicating name, date of birth, home address, most recent voter activity, and active or inactive status."

17.     The Notice Letter added, "If you do not produce these records within 45 days, or if you fail to otherwise advise us that you are making them available to us at specified times and locations, you will be deemed to be in violation of the NVRA and subject to litigation."

18.     On May 26, 2017, Judicial Watch received an email from Nikki Charlson of the Maryland State Board of Elections.  Ms. Charlson is, on information and belief, Maryland's Deputy State Administrator of Elections.  That email stated: "The Maryland State Board of Elections received your letter alleging the failure of the Montgomery County Board of Elections to perform list maintenance activities required by the National Voter Registration Act. We are in the final stages of our response and will submit it and the requested documents next week."

19.     On June 5, 2017, Judicial Watch received a letter from Linda H. Lamone, Maryland's State Administrator of Elections.  That letter began: "The State Board of Elections received your letter dated April 11, 2017, in which you call into question the legality of the

measures that the State Board and the Montgomery County Board of Elections implement to ensure the accuracy of the list of registered voters in Montgomery County." That letter went on to contend at length that Maryland's voter list maintenance program complies with the NVRA.

20.     Ms. Lamone's June 5, 2017, letter also stated: "Your [Judicial Watch's] letter also included a request that we provide 'all pertinent records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of Maryland's official eligible voter lists during the past 2 years.' This office is compiling responsive documents and will provide them shortly."

21.     On July 7, 2017, Jared DeMarinis, the Public Information Act officer for the Maryland State Board of Elections, emailed Judicial Watch (**Exhibit B**), stating that "[t]he documents that you requested from your April 11, 2017 letter are ready for review," and asking how they should be transmitted.

22.     In that same July 7, 2017, email, Mr. DeMarinis stated: "Additionally, the request for the Montgomery County voter registration list was not made in accordance with Election Law Article 3-506. Therefore, it will not be processed."

23.     The Maryland statute cited by Mr. DeMarinis states, in relevant part:

> (a)(1)   A copy of a list of registered voters shall be provided *to a Maryland registered voter* on receipt of:
>> (i)   a written application; and
>> (ii)   a statement, signed under oath, that the list is not intended to be used for:
>>> 1.   commercial solicitation; or
>>> 2.   any other purpose not related to the electoral process.
>   (2)   In consultation with the local boards, the State Board shall adopt regulations that specify:
>> (i)   the time for a list to be provided under this subsection;
>> (ii)   the authorization to be required for providing a list;
>> (iii) the fee to be paid for providing a list;
>> (iv) the information to be included on a list;

(v) the format of the information; and
(vi) the medium or media on which the information is to be provided.

MD. CODE ANN., ELEC. LAW § 3-506(a) (emphasis added).

24.     On July 11, 2017, Robert Popper, counsel for Judicial Watch, spoke to Mr. DeMarinis by telephone.  Mr. Popper observed that Judicial Watch, as a not-for-profit organized under D.C. law, was not, and never could be, "a Maryland registered voter" as required by § 3-506(a), and that the practical effect of that requirement was that Judicial Watch would never be able to obtain the requested voter list.  Mr. DeMarinis confirmed that this was his understanding as well.  He added that he had been told this by the Maryland State Attorney General's office.

## COUNT I

### (Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i))

25.     Judicial Watch repeats and realleges the preceding paragraphs as if fully set forth herein.

26.     The requested records are in the possession, custody, and control of Defendants.

27.     Section 8(i) of the NVRA provides in relevant part that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

28.     The voter registration list requested by Judicial Watch is a record covered by Section 8(i) of the NVRA.

29.     Section 8(i) of the NVRA contains no requirement that only an individual person or a registered voter may request the documents that the statute describes.  Accordingly, Section 8(i) authorizes and entitles Judicial Watch to inspect and copy the requested voter list.

30.     MD. CODE ANN., ELEC. LAW § 3-506(a) requires that a person requesting a list of registered voters in Maryland must be "a Maryland registered voter."  This Maryland statute thus makes it impossible for Judicial Watch, a Washington, D.C. non-profit, to inspect and copy the voter list that it otherwise is entitled to inspect and copy under Section 8(i) of the NVRA.

31.     By denying Judicial Watch the ability to obtain documents it otherwise could obtain under Section 8(i) of the NVRA, MD. CODE ANN., ELEC. LAW § 3-506(a) conflicts with federal law.

32.     MD. CODE ANN., ELEC. LAW § 3-506(a) also conflicts with Section 8(i) of the NVRA by

a.   requiring a written application to acquire a voter list;

b.   requiring a statement under oath about the intended use of the voter list, including that it will not be used for any purpose not related to the electoral process;

c.   permitting the State Board of Elections to regulate the authorization required for providing a voter list;

d.   permitting the State Board of Elections to establish a fee for *providing* a list (rather than merely a *reasonable* fee for *copying* a list); and

e.   permitting the State Board of Elections to specify the information to be provided with a voter list.

33.     Any Maryland state statute, regulation, practice or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded by it.

34.     To the extent that it withdraws rights conferred on Judicial Watch by the NVRA or otherwise conflicts with the NVRA, MD. CODE ANN., ELEC. LAW § 3-506(a) is invalid and unenforceable.

35.     Defendants' refusal to provide the requested voter list violates Section 8(i) of the NVRA.

36.     Judicial Watch is a person aggrieved by a violation of the NVRA, as set forth in 52 U.S.C. § 20510(b)(1).

37.     The Notice Letter constitutes statutory notice of a violation of the NVRA pursuant to 52 U.S.C. § 20510(b)(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Judicial Watch respectfully prays that this Court enter judgment in its favor and

1.     Declare that Defendants are in violation of Section 8(i) of the NVRA by refusing to allow Judicial Watch to inspect and copy the requested voter registration list;

2.     Declare that Section 8(i) of the NVRA preempts and supersedes any requirement in MD. CODE ANN., ELEC. LAW § 3-506(a) and any other Maryland statute, regulation, practice or policy that bars Judicial Watch from inspecting and copying the requested voter list;

3.     Order Defendants to allow Judicial Watch to inspect and copy the Montgomery County voter registration list;

4.     Permanently enjoin Defendants from refusing to permit Judicial Watch to inspect and copy voter registration lists of the kind sought by Judicial Watch in this matter;

5.     Order Defendants to pay Judicial Watch reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(e); and

6.      Award Judicial Watch such other and further relief as this Court deems just and

proper.

Dated:      July 18, 2017.                                    Respectfully submitted,

                                                             _____/s/_____

                                                             Robert D. Popper, MDD No. 12607
                                                             Paul J. Orfanedes, MDD No. 22470
                                                             Ramona R. Cotca, MDD No. 17196

                                                             **JUDICIAL WATCH, INC.**
                                                             425 Third Street SW, Ste. 800
                                                             Washington, DC 20024
                                                             Tel: (202) 646-5172
                                                             Fax: (202) 646-5185
                                                             rpopper@judicialwatch.org
                                                             porfanedes@judicialwatch.org
                                                             rcotca@judicialwatch.org