# EXHIBIT 2

# THE NATIONAL VOTER REGISTRATION ACT OF 1993 (NVRA)

These questions and answers are designed to provide information and guidance to state and local officials as well as the general public concerning the provisions of the NVRA and its interaction with the other statutes enforced by the Department. The Department welcomes comments concerning this document.

QUESTIONS AND ANSWERS

**OVERVIEW**

1. **What is the NVRA?**
   The National Voter Registration Act of 1993 (also known as the "NVRA" or "motor voter law") sets forth certain voter registration requirements with respect to elections for federal office. Section 5 of the NVRA requires that States offer voter registration opportunities at State motor vehicle agencies. Section 6 of the NVRA requires that States offer voter registration opportunities by mail-in application. Section 7 of the NVRA requires that States offer voter registration opportunities at certain State and local offices, including public assistance and disability offices. Section 8 of the NVRA contains requirements with respect to the administration of voter registration by States and requires States to implement procedures to maintain accurate and current voter registration lists.

2. **What States are covered by the NVRA's requirements?**
   The requirements of the NVRA apply to 44 States and the District of Columbia. Six States (Idaho, Minnesota, New Hampshire, North Dakota, Wisconsin, and Wyoming are exempt from the NVRA because, on and after August 1, 1994, they either had no voter-registration requirements or had election-day voter registration at polling places with respect to elections for federal office. Likewise, the territories are not covered by the NVRA (Puerto Rico, Guam, Virgin Islands, American Samoa). While the NVRA applies to elections for federal office, States have extended its procedures to all elections.

   **SECTION 5 – MOTOR VEHICLE AGENCIES**

3. **What voter registration opportunity is required by Section 5 of the NVRA?**
   Each State motor vehicle driver's license application (including any renewal application) submitted to a State motor vehicle authority must serve as a simultaneous voter registration application unless the applicant fails to sign the voter registration application. This application for voter registration must be considered as updating any previous voter registration by the applicant.

   In addition, any change of address form submitted for State driver's license purposes must also serve as notification of change of address for voter registration purposes unless the registrant states on the form that the change of address is not for voter registration purposes. This means that all changes of address submitted to State motor vehicle offices must be forwarded to election authorities unless the registrant affirmatively requests otherwise by opting out on the form.

4. **Do the voter registration requirements of Section 5 of the NVRA apply to all license transactions with driver's license offices?**
   Yes. The NVRA defines the term 'motor vehicle driver's license" to include "any personal identification document issued by a State motor vehicle authority." Hence, the NVRA voter

A central voting location need not be made available by the registrar if State law allows the person to vote at either the old or new polling place in the current election upon oral or written affirmation of the address change.

The failsafe provisions of Section 8 draw a distinction between the registrant's need for "affirmation" or "confirmation" of a new address, depending upon the circumstances in which the failsafe voting occurs.

39. **What if a mistake has been made, and registration records indicate that a person has moved from an address covered by a polling place when that person has in fact not moved?**
If a person has not moved, but the registration records indicate that a person has moved from an address covered by a polling place, that person shall be permitted to vote at that polling place upon oral or written affirmation by the registrant that the registrant continues to reside at his or her address previously known to the registrar.

40. **Are States required to keep records of their voter registration activities under the NVRA?**
Yes. Section 8 of the NVRA requires that States keep and make available for public inspection, for a period of at least two years, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered. The records to be kept shall include lists of the names and addresses of all persons to whom Section 8(d) notices are sent, and information concerning whether or not each such person has responded to the notice, as of the date that inspection of the records is made.

In addition, an independent requirement in 52 U.S.C. 20701 mandates that all records and papers relating to any application, registration, or other act requisite to voting in any election for federal office, be preserved for a period of twenty-two months from that federal election. Since voter registration is unitary and permanent, this obligation is ongoing, such that registration records must be preserved as long as the voter registration to which they pertain is considered an "active" one under local law and practice, and those records cannot be disposed of until the expiration of twenty-two months following the date on which the registration ceased to be "active." Hence, States should maintain all written records related to applications to register to vote as well as declinations to register to vote. The Department of Justice can require that such records be produced for inspection and copying through a written demand, and a lawsuit to enforce such demand.

**COORDINATION, REPORTING, AND ENFORCEMENT**

41. **What are the State's obligations to coordinate voter registration activities?**
The State is responsible for ensuring compliance with the NVRA. The NVRA requires each State to designate a State officer or employee as the chief State election official to be responsible for coordinating State responsibilities under the Act. Because of the importance of monitoring compliance with the NVRA's voter registration requirements, States should consider employing a person at the State level to serve as the NVRA coordinator for the State. This person could be responsible for coordinating and overseeing all NVRA activity at designated voter-registration agencies/offices in the State. In addition, States may consider employing a person at each designated voter-registration agency, and at each designated agency office, whose ongoing responsibility would be coordinating and overseeing the conduct of all voter registration activities in that agency/office. This person's responsibilities could include ensuring that the voter registration responsibilities are carried out, ensuring that the voter registration system is administered in a uniform and non-discriminatory manner, reviewing monthly data of voter-registration activity at voter