IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | * | |
| *Plaintiff* | * | |
| v. | * | Case No. 17-cv-2006-EH |
| LINDA H. LAMONE, et al., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER OF THE STATE DEFENDANTS**

Defendants Linda H. Lamone, State Administrator of Elections; David J. McManus, Jr., Chairman, Maryland State Board of Elections; Patrick J. Hogan, Vice-Chairman, Maryland State Board of Elections; Michael R. Cogan, Member, Maryland State Board of Elections; Kelley A. Howells, Member, Maryland State Board of Elections; Gloria Lawlah, Member, Maryland State Board of Elections; and Jared DeMarinis, Public Information Officer, Maryland State Board of Elections; all sued in their official capacities (the "State Defendants"), by their undersigned attorneys, hereby Answer the Complaint (the "Complaint") filed against them by Plaintiff, Judicial Watch, Inc. ("Judicial Watch" or "Plaintiff"), and state as follows:

1.   The allegations contained in paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The State Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The State Defendants admit the allegations contained in the first sentence of paragraph 6 of the Complaint. The remaining allegations contained in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. The State Defendants admit the allegations contained in the first sentence of paragraph 7 of the Complaint. The remaining allegations contained in paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. The State Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. The State Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph 9 of the Complaint. The remaining allegations contained in paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations contained in paragraph 10 of the Complaint constitute legal conclusions to which no response is required.

11. The State Defendants admit that a copy of the letter described in paragraph 11 of the Complaint was received by the Maryland State Board of Elections ("SBE") in April, 2017. That letter speaks for itself. To the extent the allegations in paragraph 11 differ from the letter, they are denied. The State Defendants deny there has been any violation of the National Voter Registration Act ("NVRA") as alleged in the letter. The State Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 11 of the Complaint.

12. The letter described in paragraph 12 of the Complaint speaks for itself. To the extent the allegations in paragraph 12 differ from the letter, they are denied. The State Defendants deny there has been any violation of the NVRA as alleged.

13. The letter described in paragraph 13 of the Complaint speaks for itself. To the extent the allegations in paragraph 13 differ from the letter, they are denied. The State Defendants deny there has been any violation of the NVRA as alleged.

14. The letter described in paragraph 14 of the Complaint speaks for itself.  To the extent the allegations in paragraph 14 differ from the letter, they are denied.

15. The letter described in paragraph 15 of the Complaint speaks for itself.  To the extent the allegations in paragraph 15 differ from the letter, they are denied.  The State Defendants deny there has been any violation of the NVRA as alleged.

16. The letter described in paragraph 16 of the Complaint speaks for itself.  To the extent the allegations in paragraph 16 differ from the letter, they are denied.  The State Defendants deny there has been any violation of the NVRA as alleged.

17. The letter described in paragraph 17 of the Complaint speaks for itself.  To the extent the allegations in paragraph 17 differ from the letter, they are denied.  The State Defendants deny there has been any violation of the NVRA as alleged.

18. The State Defendants admit that Nikki Charlson of the SBE sent an email to Judicial Watch on or about May 26, 2017.  That email speaks for itself.  To the extent the allegations in paragraph 18 differ from the email, they are denied.

19. The State Defendants admit that Linda Lamone of the SBE sent a letter to Judicial Watch on or about June 5, 2017.  That letter speaks for itself.  To the extent the allegations in paragraph 19 differ from the letter, they are denied.

20. The letter described in paragraph 20 of the Complaint speaks for itself.  To the extent the allegations in paragraph 20 differ from the letter, they are denied.

21. The State Defendants admit that Jared DeMarinis of the SBE sent an email to Judicial Watch on or about July 7, 2017.  That email speaks for itself.  To the extent the allegations in paragraph 21 differ from the email, they are denied.

22. The email described in paragraph 22 of the Complaint speaks for itself. To the extent the allegations in paragraph 22 differ from the letter, they are denied.

23. The statute cited in paragraph 23 of the Complaint speaks for itself. To the extent the allegations contained in paragraph 23 differ from the statute, they are denied.

24. The State Defendants admit that Mr. DeMarinis spoke to Robert Popper of Judicial Watch on the telephone in July, 2017. The State Defendants further admit that Judicial Watch does not qualify as a Maryland registered voter and is therefore not entitled to obtain a voter list. The State Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. The State Defendants incorporate by reference herein their responses to the allegations contained in paragraphs 1 through 24 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.

27. The statute cited in paragraph 27 of the Complaint speaks for itself. To the extent the allegations contained in paragraph 27 differ from the statute, they are denied.

28. The allegations contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29. The allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. The allegations contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the State Defendants admit that Judicial Watch is not a registered voter and therefore not entitled to a list of registered voters under Maryland law. The remaining allegations are denied.

31. The allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32. The allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. The allegations contained in paragraph 34 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. The allegations contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations contained in paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations contained in paragraph 37 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action upon which any relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because Plaintiff is not entitled to a list of registered voters under Maryland law.

### Third Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to comply with the notice provisions of the NVRA, which are a prerequisite to suit.

WHEREFORE, having fully answered the Complaint, the State Defendants request that the Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of the State Defendants.

        Respectfully submitted,

        BRIAN E. FROSH
        Attorney General of Maryland

        */s/ Robert A. Scott*
        _____
        ROBERT A. SCOTT
        Federal Bar. No. 24613
        Assistant Attorney General
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland 21202
        rscott@oag.state.md.us
        (410) 576-7055
        (410) 576-6955 (facsimile)

June 18, 2018        *Attorneys for the State Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2018, a copy of the foregoing Answer was filed via the Court's CM/ECF system and thereby served on all counsel of record.

        */s/ Robert A. Scott*
        Robert A. Scott